# Dickinson *against* Voorhees.

In an action of debt upon a bond given for the purchase money of land, in which a defective title is set up as a defence, the plaintiff may give evidence of acts done by himself to perfect the title after suit brought.

V. sold and conveyed to D. several tracts of land, describing each tract particularly, in the deed, and as containing so many acres, amounting in the whole to 3235 acres, and took his bond for the purchase money. Upon actual survey it was subsequently ascertained that one of the tracts was deficient in quantity 445 acres: *held* that this did not furnish the vendee with a defence against the payment of his bond.

ERROR to the Common Pleas of *Tioga* county.

James L. Voorhees against Samuel Dickinson. This was an action of debt on a bond conditioned for the payment of $15,000. The plaintiff had sold and conveyed to the defendant thirteen tracts of land, describing each separately, and as containing a certain number of acres each, and, in the whole, 3235 acres, and took the bond upon which this suit was brought for part of the purchase

[Dickinson v. Voorhees.]

money. It subsequently appeared that there was a deficiency, in quantity, of one of the tracts, to the amount of 445 acres, and the vendee set it up as a defence to the payment of his bond. The several bills of exception to the opinion of the court, receiving and rejecting testimony, are particularly stated in the opinion of his Honour who delivered that of the court.

The court below (CONYNGHAM, President) instructed the jury that the defence set up by the defendant could not avail him, and directed the jury to render a verdict for the defendant.

*Williston* and *Greenough,* for plaintiff in error, argued that the difference in the quantity of the land and that conveyed is so great, as to entitle the party to relief either on the ground of a gross mistake of both parties, or the fraud of the vendor. *Sug. Vend.* 200; 1 *Mad. Chan.* 420; 2 *Sto. Eq.* 89, *sect.* 779; *Peters's C. C. Rep.* 49; 5 *Binn.* 365; 4 *Kent* 467, *in note;* 1 *Bay* 256; 1 *Sto. Eq.* 157, § 144; 3 *Watts* 367; 4 *Watts* 405; 14 *Serg. & Rawle* 206.

*Maynard,* for defendant in error. The contract is executed, and the party is not entitled to relief, unless there has been fraud or gross mistake in its execution; and here there has been neither one nor the other. It is not pretended that the vendor knew any more about the quantity of the land than the vendee; he sold it, as he had purchased it, as a tract of land supposed to contain the quantity mentioned: and if it had contained 400 acres more, instead of less, he would have had no remedy to recover the price of the surplus. In this particular the rights and remedies of the parties should be the same. 3 *Watts* 367; 4 *Kent* 467; 2 *Sto. Eq.* 779; 1 *Serg. & Rawle* 166; 1 *Yeates* 322; 6 *Serg. & Rawle* 488; 13 *Serg. & Rawle* 143, 160; 4 *Serg. & Rawle* 488; 6 *Binn.* 102; 13 *Serg. & Rawle* 136; 2 *Watts* 118; 2 *Rawle* 114; 6 *Watts* 112; 3 *Penn. Rep.* 452; 5 *Watts* 311; 2 *Penn. Rep.* 533; 1 *Watts & Serg.* 83; 5 *Watts & Serg.* 51; 4 *Mason* 414.

The opinion of the Court was delivered by

KENNEDY, J.—This action is debt, founded upon a bond given by the plaintiff in error to the defendant, for the payment of the residue of the purchase money of upwards of 3000 acres of land lying in one body, but consisting of thirteen distinct parcels or tracts, each parcel described in the deed of conveyance as containing a certain number of acres, and, in the aggregate, according to the description, about 3235 acres. The gross sum of $20,000 is mentioned, in the deed, as the consideration for the whole quantity of land conveyed. It was admitted, on the trial, that that sum was the amount of the purchase money; that $5000 thereof had been paid, and that the bond in suit had been given to secure the payment of the residue, upon which partial payments had also been made. But the ground of dispute was a want of title on the

part of Voorhees, the defendant in error, at the time of the conveyance, to, as also a deficiency in the quantity of, one of the parcels or tracts sold, which is described in the deed of conveyance as follows, to wit, " also a tract of land marked on the map of Tioga county in the name of Samuel Clendening, bounded north by warrant No. 4460, James Wilson warrantee; on the east and south by warrant No. 585, Andrew Beatly warrantee, and by lands now owned by Stowell and Dickinson; and on the west by warrants Nos. 4447 and 4448, James Wilson warrantee, containing 785 acres, and being the same lot of land sold to Chauncey Alford by Elisha Hill, on the 9th day of June 1828, for taxes." The plaintiff in error, who was the defendant below, for the purpose of showing that Samuel Clendening never had any warrant from the Commonwealth for the land thus described, gave in evidence a warrant granted to him on the 13th December 1804, No. 5894, for 83 acres of land within the last purchase made of the Indians, and a survey made thereon of 81 acres and 40 perches, lying in a different part of the State from that described in the deed, in the name of Samuel Clendening, together with a certificate from the surveyor-general that the same warrant was the only one to be found in his office, in the name of Samuel Clendening, for land in the last purchase. The plaintiff in error, by his counsel, offered to prove further, " that he made the purchase of the tracts contained in the deed for the purpose of a lumbering establishment; that the tract supposed to exist, and called in the deed the Clendening tract, was the most valuable part of the land described and mentioned in the deed, on account of the quantity and quality of the timber, and its contiguity to mill-privileges. That the said tract containing 785 acres, located as bounded east by warrant in the name of Andrew Beatly, mentioned in said deed, and north by warrant in the name of James Wilson, No. 4460, and south by said warrant in the name of Andrew Beatly and land of Stowell and Dickinson, taken from said purchase would deduct more than half the value of said purchase; that the said plaintiff, previous to the sale to defendant, claimed the tract thus located as his, and exercised acts of ownership over it; that said tract, thus located, was generally called the Clendening or Alford tract, and also to prove the relative value of said tract, compared with the whole according to the whole purchase money." The court permitted the defendant, under the *primâ facie* showing of failure of title to the Clendening tract, to give all the evidence thus offered in relation to the comparative value of the Clendening lot as described in the deed and proved by William Bache, but not to show general reports as to the location of the tract, or the evidence of the plaintiff's former claim to land west of the warrant lines of Nos. 4447 and 4448, or any evidence to show the value of the land west of such warrant lines, on the ground that a deficiency of land required that it should be so located irrespective of the boundaries

fixed in the deed : to which opinion of the court the counsel of the plaintiff in error excepted; which forms the first error assigned. It would certainly have been highly improper to have admitted general rumour as evidence of the location of what was called the Clendening tract. It was not purchased or conveyed by any such location, but according to the boundaries and location set forth in the deed, which general report might have contradicted, and most probably would have done so, or it would not have been offered, and therefore was inadmissible for this reason alone, independent of the rule that its truth cannot and ought not to be relied on in such cases. Neither was evidence of the defendant in error's former claim to the land west of the warrant lines of the Nos. 4447 and 4448 admissible, without showing also that such claim was either made known to the plaintiff in error before or at the time of sale. For unless it were so he could not have relied on, or been deceived by it. And evidence to show the value of the land west of the warrant lines of Nos. 4447 and 4448 was equally inadmissible, because it was not offered to be shown that the defendant below had any reason to believe, from what the plaintiff below either said or did, that the land west of those lines formed any part of his purchase. The plaintiff in error then proved by William Bache that the whole quantity of land lying within the limits and bounds of the Clendening tract, as described in the deed of conveyance from the defendant in error, to the plaintiff in error, only amounted to 340 acres, besides six *per cent.* allowance for roads, &c. For this land the defendant in error offered to show that on the 9th of May 1840, after he sold and conveyed the land above-mentioned to the plaintiff in error, he obtained a warrant from the Commonwealth, in pursuance of which he had a survey made and returned on the 26th of October 1840, and therefor obtained a patent bearing date the 10th of March 1842; to which the counsel of the plaintiff in error objected; but the court over-ruled the objection and admitted the evidence; wherefore the counsel excepted; and this exception forms the second error assigned.

It is objected that this evidence was inadmissible because it was not competent for the plaintiff below to give evidence of a title acquired by him to the land, or any portion of it, after he had sold and conveyed it to the defendant below. It is proper to premise here, that although this suit is brought to recover what may be considered, in reality, the residue of the purchase money of a large quantity of land, yet it is not brought on an executory contract for the sale and purchase thereof, with a view to enforce the execution of such contract, but is brought upon a bond given by the defendant below to the plaintiff, upon a final consummation of the execution of the original executory contract made between them for the sale and purchase of the land. Upon this bond the plaintiff below had a good legal title to demand and recover the balance

remaining unpaid on it; for the defence set up by the defendant below to the plaintiff's recovery is, that part of the consideration for giving the bond, as he alleges, never existed or has failed, and therefore he ought not to be compelled to pay. But this, at most, admitting it to be so, is only a defence grounded upon equitable, and not upon what are properly termed legal principles. The defendant below had no covenant, in the deed of conveyance made to him, upon which he could rely for a legal defence. It contains no guaranty or covenant that the quantity of land mentioned in the several parcels shall hold out; nor does it contain any covenant of seisin thereof, on the part of the vendor, or that he had a right to sell and convey the lands therein mentioned as he did. The only covenant in the deed is that of a general warranty. But that could not avail the defendant below, on the trial, by way of set-off or otherwise, as he had never been evicted from, or disturbed in the possession of the land; for until an eviction of the grantee, or a demand made of the land from him by one having a better title for it, the covenant of warranty cannot be said to be broken, and consequently no action or set-off can be sustained upon it. But the evidence offered and given by the plaintiff below, of title acquired by him to what was called the Clendening tract, though after he had sold and conveyed to the defendant below, went to show that the plaintiff below had done all that was requisite to enable the defendant to hold and enjoy all the land embraced within the limits and bounds of the Clendening tract, as mentioned in the deed, against not only the plaintiff below, himself, but against all the world; and therefore upon neither equitable or legal grounds had he sustained, or could he thereafter sustain any loss, unless it may be that he has not got as many acres as he expected, seeing what was called the Clendening tract has fallen short 445 acres of the quantity mentioned in it in the deed. The evidence was, therefore, clearly admissible, for the purpose of showing that the plaintiff in error had, in effect, a right, by means of what the defendant in error had done, to hold, against all the world, all the land lying within the limits of the Clendening tract as set forth in the deed.

The third error is an exception to the charge of the court, for instructing the jury that the plaintiff below was entitled to recover the whole amount of his claim with interest; and so should be their verdict. It appears from the record and the evidence given on the trial of the cause, that the lands sold and conveyed by the plaintiff below to the defendant, though consisting of thirteen distinct parcels adjoining each other, formed the subject of but one entire contract between the parties, for which the defendant below agreed to give the plaintiff the gross sum of $20,000. They had before them, at the time, what they considered some evidence of the number of acres contained in each parcel, and having carried their contract fully into execution upon the basis of that evi-

[Dickinson v. Voorhees.]

dence, it must be taken that they agreed and were willing to abide by it, and to run the risk of its being correct or otherwise. The evidence of the location and the quantity contained in the parcel called the Clendening tract, appears, from the face of the deed, to have been the map of Tioga county, in which the lands all lay at the time of sale. This map, it seems, is kept up in the commissioner's office of that county, and open to the inspection of every one, that they may ascertain the location of unseated lands about to be sold for taxes; and that the plaintiff below claimed the Clendening tract, as described on this map, under a treasurer's sale made of it for taxes. In short, it would appear, that the parties respectively had the same means of knowing the quantity or number of acres contained within the limits of what was called the Clendening tract, as also every other tract sold and conveyed by the deed; so that there was not the slightest ground even to suppose that the plaintiff below had practised a fraud of any kind whatever upon the defendant, in making the sale. And, indeed, it is evident that the quantity of each tract is given in the deed as part of the description thereof, and not with a view to bind the vendor to make it good in case of a deficiency being thereafter discovered. Had such a thing been within the view of the parties, it is reasonable to believe that they would have provided for a future survey, in order to have the quantity ascertained correctly, and, in case of deficiency, that so much per acre should be deducted from the price; and, on the other hand, in case of excess, that so much should be added to it. Suppose the Clendening tract had been found to contain 1200 acres; can it be believed, or even imagined, that the plaintiff below could have recovered anything beyond the residue of the $20,000 remaining unpaid? It is impossible to conceive, as it appears to me, any satisfactory ground upon which he could have accomplished such a thing. And indeed it may be, for aught that has been shown to the contrary, if, all the other tracts were carefully surveyed, that the defendant below has got an excess in them, beyond the quantity mentioned in the deed, exceeding the deficit in the Clendening tract; so that he may have, in the whole, the aggregate of the several quantities mentioned in the deed. But be this as it may, the principles laid down in *Smith* v. *Evans*, (6 *Binn*. 202) ; and in *Hagerty* v. *Fagan*, (2 *Penn. Rep.* 533), settle this case in favour of the plaintiff below. In each of those cases the original contract was for the purchase of the land at a fixed price per acre, and, in this respect, more favourable for extending relief to the purchaser than the present, though the deficit was not so great, in proportion to the whole quantity purchased, as the present. But still, notwithstanding, inasmuch as the parties afterwards carried into execution their contracts respectively, by the vendor, in making a deed of conveyance of the land to the vendee, according to the extended quantity, without measuring the same, and the vendee's giving to the vendor

[Dickinson v. Voorhees.]

his bonds securing the payment of the purchase or balance of the purchase money according to the estimated or reputed quantity, it was held that the parties were bound by such execution of the contract, and that the vendee was thereby precluded, afterwards, from claiming an abatement of the amount for which he gave his bonds in the first case, where the deficit was equal to about an eleventh part of the whole quantity of land sold; and the second case, where the deficit was a little above a fourteenth of the whole quantity sold. In the present case the deficit is a little above one-seventh of the whole quantity sold; but in *Stebbins* v. *Eddy*, (4 *Mason's Rep.* 414), where the deficit was nearly equal to a fifth of the whole quantity sold and conveyed, yet Mr Justice STORY held that the purchaser, who had paid the amount of the purchase money at the rate of $50 per acre on an estimated quantity of 50 acres, which fell short, upon measurement afterwards, nine and a half acres of that quantity, was not entitled, even in equity, to recover back any portion of the purchase money. We are therefore of opinion that the court charged the jury correctly.

Judgment affirmed.