## White *v.* Price, Appellant.

*Vendor and vendee—Agreement for sale of farm—Acreage.*

Where an agreement for the sale of land calls for a farm containing about seventy-seven acres of land, and contains repeated references to the property as the "farm," and there is no stipulation for a survey, or any provision that payment should be made for the actual contents, when thus ascertained, and there is no evidence of bad faith on the part of the vendor, and the purchaser is familiar with the premises and the boundaries, he cannot claim an abatement of the purchase money because a survey showed that the tract fell short by over six acres.

Argued Feb. 10, 1902. Appeal, No. 15, Jan. T., 1901, by defendant, from judgment of C. P. Chester Co., Aug. T., 1900, No. 18, on verdict for plaintiff in case of Mary E. White v. Joseph Price. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover the purchase price of a farm.

At the trial plaintiff claimed to recover a balance of purchase money for seventy-seven acres of land which she had sold to defendant. The latter claimed an allowance for a shortage for six and three hundredths acres of the land. The agreement between the parties was as follows :

"WHITFORD, PA., 1/13, 1900.

"Received of Dr. Joseph Price his check dated 1/12, 1900, for $200, on account of the purchase money of farm owned by Mary E. White, in West Whiteland Township, Chester County, Pa., north of the Pennsylvania Railroad, sold him by us, containing about seventy-seven acres of land, for which we are to execute, acknowledge and deliver a deed in fee simple to him upon payment of the purchase money in full; title to be good and marketable, and premises clear of all incumbrance (except a mortgage of $4,500 to remain at five per cent interest as part of the purchase money). Possession of said farm and said buildings thereon to be given on or before April 1, 1900, in reasonably good condition, and all calculations to be made to date of settlement when possession is given. All straw of growing crops to be threshed on place and stored, at our ex-

pense, for the use of the doctor; and all straw now in barn stack or out-buildings to be used on farm in usual manner, and all manure to remain on farm for doctor's use. Said farm to be conveyed subject to the whole mortgage debt of $4,500, which is to be assumed and paid off by the doctor in lawful money, and also subject to the easement of water right granted by Thomas Morris to Hunt Downing in 1808. The whole of the purchase money for said 77 acres being $7,700. Said to contain 77 acres and 23 perches.

$200.

" One iron trough 8 feet long at barn to remain.

(Signed)	" FRANKLIN F. WHITE,
" MARY E. WHITE."

The defendant presented these points :

1. The plaintiff's contract with the defendant is for the sale of seventy-seven acres of land for $7,700, and there being an actual deficiency of six and thirty thousandths acres, the defendant is entitled in this action to an abatement from the purchase money to the extent of such deficiency. *Answer :* I disaffirm the point.

2. On all the evidence in the cause the defendant is justly and equitably entitled to an abatement of the purchase money mentioned in the agreement in proportion to the deficiency in the acreage below seventy-seven acres. *Answer :* I disaffirm the point.

Verdict and judgment for plaintiff for $3,055.73. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*John G. Johnson,* with him *Thomas W. Pierce,* for appellant. —Allowance should have been made for the shortage in acres : Kreiter v. Bomberger, 82 Pa. 59; Baltimore Permanent Building & Land Society v. Smith, 54 Md. 187 ; Stevens v. McKnight, 40 Ohio, 341 ; Norrington v. Wright, 115 U. S. 204; 6 Sup. Ct. Repr. 12; Whittemore v. Whittemore, L. R. 8 Eq. Cas. 603 ; King v. Wilson, 6 Beavan, 128 ; Durham v. Legard, 34 Beavan, 612 ; McKenzie v. Hesketh, L. R. 7 Ch. Div.

675; Hill v. Buckley, 17 Ves. Rep. 394; Galbraith v. Galbraith, 6 Watts, 117; Hershey v. Keembortz, 6 Pa. 131; Rodgers v. Olshoffsky, 110 Pa. 152; Tyson v. Eyrick, 141 Pa. 296; Gebbie v. Griswold, 126 Pa. 353.

*J. Frank E. Hause,* with him *Joseph H. Baldwin,* for appellee, cited: Riddle v. Foster, 32 Pa. 166.

OPINION BY MR. JUSTICE POTTER, March 24, 1902:

The dispute in this case, is as to the meaning of a written contract of sale.

The court below construed it as a sale of the farm as a whole, for the sum of $7,700.

The appellant contends that this was wrong, and claims that he purchased seventy-seven acres of land, at the price of $100 per acre, and as a survey showed that the tract fell short by over six acres, he claims an abatement of the purchase money, to that extent.

Whatever may have been the intention of the appellant, he certainly did not stipulate in the article of agreement for a purchase of land at so much per acre. The contract calls for a farm, owned by the appellee, located north of the railroad and containing about seventy-seven acres of land. Repeated reference is made to the property in the course of the agreement as the "farm." There is no stipulation for a survey or any provision that payment shall be made for the actual contents, when thus ascertained. If the vendee desired to purchase only the actual acreage at $100 per acre, he should have insisted upon a contract, plainly to that effect.

We can give to the agreement as executed, no other construction than that adopted by the court below. But the appellant was not confined to the written agreement. He was allowed to present to the jury his claim that at the time of the execution of the written contract, there was an oral understanding that he was to pay $7,700 for seventy-seven acres or $100 an acre for the land. The vendor denied any such agreement, and testified that she was to have $7,700 for the land north of the railroad. The jury sustained her contention, but the appellant had the benefit of the submission. There is no evidence of bad faith on the part of the vendor. She seemed to have reason

for believing at the time of the sale that the tract contained seventy-seven acres, and she gave the source of her information. The purchaser was well acquainted with the premises. He knew the boundaries. He made the contract with his eyes open. And having agreed to take the farm containing about so many acres, for a given price, we see no reason for interfering upon equitable grounds. He might have stipulated to pay only for the actual contents, but we do not think his agreement can be so construed.

The assignments of error are overruled, and the judgment is affirmed.