446 A.2d 293

**In Matter of ESTATE OF Blanch N. WARNER.**

**Appeal of Robert E. NESS and Patricia R. Ness.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1981.
Filed May 28, 1982.

Allen H. Smith, York, for appellants.

Earl R. Doll, York, for appellee.

Before WICKERSHAM, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

If a tract of land containing 10.4 acres, more or less, is sold at public auction to a purchaser who pays the full bid price and accepts a deed for the land, may the purchaser thereafter recover damages because a later survey discloses that the tract in fact contains only 8.163 acres? The Orphans' Court of York County concluded that there could be no recovery and entered a decree dismissing a claim therefor. We affirm.

Blanch Warner owned an improved tract of land in Newberry Township, York County. Following her death, the executor of her estate offered the land for sale at public auction. A description and sketch of the tract were obtained from the County Tax Map Office; and on the basis thereof the tract was advertised and offered for sale. It was represented as containing 10.4 acres, more or less. When the sale was conducted on June 24, 1980, Robert E. Ness submitted a high bid of $80,000. Final closing was held on July 17, 1980, when the executor delivered, and Ness and his wife accepted, a deed for the land as previously described. The deed contained only a fiduciary's warranty. Subsequently, a survey was made and disclosed ·that the tract

contained only 8.163 acres. The purchaser then made a claim against the Estate of Blanch Warner to recover damages because of a deficiency in the quantity of land.

As a general rule, where a sale of real estate is of a tract as a whole, and not by the acre, the grantee, unless there has been fraud or the grantor has guaranteed the number of acres, is not entitled to recover a portion of the consideration paid merely because the quantity of land is less than estimated at the time of sale. 92 C.J.S., Vendor and Purchaser § 266. "The reason usually assigned for this rule is that the purchaser, in such cases, is considered as getting the specific land that he contracted for, and must be deemed to have assumed the risk of a deficiency in quantity, especially if he knows, or has an equal means of knowing, the boundaries of the land and the quantity thereof." *Id.* This is particularly so where the quantity is qualified to indicate that it might be more or less.

The courts in Pennsylvania have followed this rule. Thus, in *Keen v. Eaby*, 254 Pa. 273, 98 A. 1040 (1916), where land had been offered at public sale as "a tract of 16 acres, with a two-story frame house, frame bank barn, etc.," the purchaser refused to accept a deed without abatement of the price when it was determined after the sale that the tract contained only 14½ acres. Because the sale had not been by the acre, but as a whole, the Court held the purchaser was not justified in his refusal to take and pay for the land as agreed.

Similarly, in *White v. Price*, 202 Pa. 128, 51 A. 755 (1902), an agreement of sale had called for a farm containing about 77 acres of land. In the absence of bad faith, there having been no guarantee of the number of acres contained in the farm purchased, the purchaser was not entitled to an abatement of the purchase price when a survey showed that the quantity was six acres short of that which it had been thought to contain. So also, in *Reading, et al. v. Finney, et al.*, 73 Pa. 467 (1873), it was held that a misstatement of the number of acres in a tract would not vitiate a sale of the tract as a whole. *See also Riddle, et al. v. Foster*, 32 Pa. 163 (1858); *Hassel v. Denlinger*, 24 Lanc.Law Rev. 323 (1907).

In *Landreth v. Howell*, 24 Pa.Superior Ct. 210 (1904), a master in partition sold a tract of land described by metes and bounds which was represented to contain six acres, three roods and eight perches of land, more or less, at $2,500 per acre. About a year after title had been conveyed, a survey disclosed a shortage of two thirds of an acre. The grantee thereupon brought an action in assumpsit to recover a portion of the consideration paid. In the absence of evidence of fraud, there could be no recovery; and a compulsory non-suit was properly entered.

In the instant case, appellants had purchased and accepted title to a parcel of land estimated to contain 10.4 acres, more or less. The tract had not been purchased by the acre, and there had been no guarantee regarding the quantity of land which the tract contained. Indeed, the quantity had been qualified to indicate that it might be more or less. There was present not the slightest hint of fraud. Under these circumstances, appellants were not entitled to recover a portion of the purchase price because a survey made after closing disclosed that the tract contained only 8.163 acres.

Decree affirmed.