The opinion of the court was delivered by
Txluhman, C. J.
This action was brought, in the name of James M. Russell, executor of John Lyon, who was surviving obligee in a bond with William Alexander, deceased. The plaintiff did not file a declaration, but a statement under an act of assembly, in which the bond is described as having been given by the defendants to John Lyon and William Alexander, executors of Samuel Lyon, deceased. On the trial of the cause, the plaintiff produced the hond, which agrees exactly with the statement, but the defendants objected to it, because it varied from the writ. The evidence was admitted, and the court’s opinion excepted to. This is the 1st error assignee]. The bond was good evidence. It agreed with the statement and did not vary from the writ: . It was not necessary *80 to state in the writ, that the obligees were described as executors of Samuel Lyon. The action was not brought by the plaintiff as exe-'eutor of Samuel Lyon, but of John Lyon. The fact was, that John Lyon and William Alexander, executors of Samuel Lyon, sold to the defendants land which belonged to the estate of Samuel Lyon, and took bonds for the purchase money to themselves, describing themselves as executors of Samuel Lyon. But this description was an immaterial circumstance, not necessary to be noticed in the writ, because this action was not brought by the plain1 tiff as representing the estate of Samuel Lyon, but as executor of John Lyon. ’• There was no error thérefore in the admission of the bond as evidence.
The defendants excepted also to the charge of the court, and to the answer given by the court to one of the points on which their opinion was required. The defendants gave evidence, that they had entered into written articles of agreement with John Lyon and William Alexander, for the purchase of a tract of land, after which a conveyance was executed, and the defendants gave their bonds for the purchase money. In the conveyance, there was an exception of a small parcel of land, included within the lines, and the defendants insisted, that they had been deceived as to this exception, which was not explained to them when they accepted the deeds and gave their bonds. The court charged the jury, “that if they should be of opinion that the deed was not read and fully communicated to the defendants, or they did not understand the nature oí the exception of the small parcel of land, then the jury might make such dedüction from the defendants? bond, as would compensate them for the loss of the land so excepted. ” This surely was as much as the defendants could ask, and all they did ask; but they complain, that the court said, that “where .the articles of agreement and deed of conveyance differed, the articles were considered as null and void.” What the court meant was this, that when articles.of agreement are entered into, by which a conveyance of land is covenanted to be made, and afterwards , a conveyance is executed, and accepted, which differs in some respects from the articles, the deed of conveyance, which is the consummation of the agreement, shall be taken for the ultimate intent of the parties, and prevail over the articles, and this is undoubtedly true, where there is no misconception or misapprehension of the deed of conveyance by either party. If the defendants were fully informed, that the deed which they accepted, contained a reservation of a parcel of land contained in the articles of agreement, and having accepted the conveyance, gave their bonds for the whole purchase money, neither in law or equity would they be entitled to any abatement. B.ut, if theyaccept-ed thedeed, under a misapprehension, occasioned by thefaultof the plaintiff, however the strict law might be, they would be entitled to relief in equity;, so the-court told the jury, and what more could the defendants desire? The charge was so plain that it was im~ *81 possible the jury could mistake it. And whetherthe jury considered the articles as null and void, or not, was of no manner of importance, provided they were to make the defendants all the allowance which the equity of their case demanded, in consequence of any mistake as to the nature of the deed of conveyance. This they, were expressly instructed, to do, and therefore I am opinion there was no error in the charge.
I will now consider the answer of the court to the 4th point proposed by the defendants’ counsel. The proposition was this — that by the law of Pennsylvania, the jury, under the direction of the court, might take the equity of the defendants’ case into consideration, and make such deduction from their bond.ks in equity they were entitled to. The court answered in the following words:— “ The jury have such equitable power, if the law, and the equity of the case authorize them to exercise it.’’ The defendants complain that from the obscurity of this answer, the jury were left in the dark, as to their duty in the particular case before them. There might be something in this objection, if the court had not fully explained the principle, of law and equity by which the jury were to be governed in their charge. But having explained if very clearly, and very favourably to the defendants, it cannot be said that the jury were left in the dark The answer of the court to the 4th proposition informed the jury of their general powers, and the charge instructed them in the law as applicable to the evidence.be-' fore them. I am of opinion, on the whole, that there is no error in any part of this record, and therefore the judgment should be, affirmed. 1 , Judgment affirmed.