## FARMERS' and MECHANICS' BANK v. GALBRAITH.

Where land has been sold by the acre, a deed executed, and the price paid, there can be no recovery for a deficiency in quantity, originating in a mistaken mode of calculation by the surveyor employed by the vendor to make the draft, prior to the sale: though the sale was made by the acre, and the erroneous draft exhibited to the purchaser.

In error from the Common Pleas of Cumberland.

From the special verdict in this case, it appeared that the bank, being the owner of a large tract, procured the same to be divided, and a draft made, on which the quantities contained in each tract were written. The land was then exposed to sale, the draft being exhibited to the purchasers. Plaintiff purchased one of the tracts, at $17.50 per acre. A conveyance was made, and the price paid. Within five years from the sale, it was discovered there was a deficiency in the quantity. This was occasioned by the surveyor having made his calculations on an erroneous theory.

This action was brought to recover the proportion of the purchase-money paid for the deficient quantity.

The court gave judgment for the plaintiff.

*Reed,* for plaintiff in error.—It is settled in this state, that, after a conveyance, under a mutual mistake, there can be no recovery back for a deficiency in the quantity: 7 Barr, 487; 1 W. & S. 550; 6 Barr, 128; 13 S. & R. 160; 6 Bin. 113; 2 Pa. 533; 1 S. & R. 42, 166.

*Moore, Biddle,* and *Watts,* contrà.—This was a mutual mistake, and money paid under such circumstances can always be recovered back. The articles are not always merged in the deed: 4 W. 405; and this is one of the cases put as an instance: 7 W. & S. 203.

*June* 15. GIBSON, C. J.—The execution of a conveyance is the consummation of a purchase; after which, the parties have no recourse to each other, except for imposition or fraud. Such is the rule established by Bailey *v.* Snyder, 13 S. & R. 160, and several other cases, in which it was ruled, that when a conveyance has been made, without a survey, and a bond taken for the purchase-money, the contract is definitively closed, except where the actual quantity differs so grossly from the estimate as to be evidence of deceit. Here, it is conceded, that there was no deceit, and that the difference was produced by the mistake of the surveyor; but

mutual misapprehension, is not a ground to recall a contract which is past and gone. ' Here a year had elapsed between the payment of the money and the inception of this action to recover it back;. and if it were sustainable now, it would be sustainable at any time within six years from the discovery of the mistake. In Bailey v. Snyder, the whole contract had not been closed; for the purchaser was·suing on the bond for the purchase-money, and the deficiency was set up as matter of defence; here, the vendee is suing for the deficiency as an original and independent ground of action, to recover a part of the purchase-money back; and, in this particular, our case is stronger than that. It is stronger, also, in another. Could the vendor have recovered beyond the stipulated purchase-money, had the difference been the other way? Glen v. Glen, 4 S. & R. 488, decides that he could not. And the principle of Bailey v. Snyder equally holds, in cases of defect of title, as is shown by Dorsey v. Jackman, 1 S. & R. 42, in which a purchaser, after deed executed, was not allowed to recover back the purchase-money for a defect of title, in the absence of warranty or fraud; in accordance with which, are McLelland v. Creswell, 13 S. & R. 143; Boar v. McCormick, 1 S. & R. 166; Frederick v. Campbell, 13 S. & R. 136; Philips v. Scott, 2 W. 318; Galbraith v. Galbraith, 6 W. 117, and Cronister v. Cronister, 1 W. & S. 442. All our decisions have gone upon this principle; and it would now be too late, were we so disposed, to question it.

Judgment of the court below reversed, and judgment rendered here for the defendant.