Painter *v.* Wilson.

*Vendor and vendee—Marketable title—Action for purchase money—Eject-ment.*

In an action to recover the balance of purchase money for land, which balance was agreed to be paid when the title should be thoroughly tested and proven to be good and perfect, an affidavit of defense is sufficient which alleges that the vendees brought an action of ejectment to test the title to the land, that the defendants in the ejectment suit filed a disclaimer to about one seventh of the land, that the vendees secured a verdict, which on appeal was reversed by the Supreme Court with a new venire, and that the record in the ejectment suit showed that there was nothing to prevent the defendants in that suit from showing on another trial new or additional facts wholly destructive of the title recognized by the Supreme Court.

*Vendor and vendee—Difference in quantity of land—Equity.*

Where there is a great difference between the quantity of land sold and

the quantity of land to which the vendor had title, equity will relieve the vendee from payment of the whole amount of the purchase money.

Argued Oct. 10, 1900.   Appeal, No. 109, Oct. T., 1900, by plaintiff, from order of C. P. Jefferson County, Nov. T., 1899, No. 65, discharging rule for judgment for want of a sufficient affidavit of defense in case of R. M. Painter, Administrator of Tobias Painter, deceased, v. S. Wm. Wilson and W. A. Hindman.   Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the title to the land in this case was before the Supreme Court in the case of Marvin v. Wilson, 172 Pa. 30.

The facts of the case are stated in the opinion of Reed, P. J., which was as follows :

In December, 1883, Tobias Painter conveyed, by quitclaim deed, to the defendants a tract of land in Eldred township, Jefferson county, containing 141 acres more or less.   The consideration for this conveyance was $500 cash, and $4,000, secured by a mortgage upon the land conveyed, payable when the title to said land " has been thoroughly tested by said first parties (defendants), and proven to be a good and perfect title, the said title being in dispute and claimed by Marvin, Rulofson & Company.   If said title should prove to be not a good and perfect title, the said first parties (defendants), are not to pay the said $4,000."

In order to test the validity of the title to the land conveyed, the defendants brought an action of ejectment against Marvin, Rulofson & Company, in case No. 124, of February term, 1884, which is still pending and undetermined.   The present action has been brought to enforce payment of the mortgage mentioned, and the defendants have interposed as a defense thereto that the title to the land conveyed is still in dispute, and, therefore, that the action has been prematurely brought.

The plaintiff makes no complaint regarding the time which

has elapsed since the action of ejectment was instituted by the defendants, and the question of whether the defendants have acted with due diligence and in good faith in making a thorough test of the title is not before us. The plaintiff's allegation is that the title has been thoroughly tested and proven to be a good and perfect title. It is sought to sustain this allegation on two grounds: (1) That it has been so determined by the Supreme Court in the action of ejectment referred to, and (2) by a disclaimer of title filed of record in said action by the defendants therein. If either of these contentions can be sustained, it is conceded that this action to recover said sum of $4,000 has been properly brought. But the defendants deny that the title to said land has been settled in either of the ways suggested.

From an inspection of the record in the action of ejectment it appears that the plaintiffs therein, (and defendants here), secured a verdict for the land in dispute. On appeal to the Supreme Court, however, the judgment of the lower court was reversed generally, and a venire facias de novo awarded. It is true Mr. Justice WILLIAMS, in delivering the opinion of the court, indicates that the Tobias Painter tax title, which he conveyed to the defendants, is a good and perfect title, and that he also states, commenting upon whether the court below erred in giving a binding instruction for the plaintiffs, that "for so much of the land as was north of an extension of the north line of the Smith survey or the McNaughton line, a binding instruction was entirely proper, but for so much as was south of that line the right of the plaintiffs depended upon what the jury might find the fact to be as to the character of that line." But it is to be observed that the Supreme Court did not direct the court below to enter judgment for the plaintiffs for the land lying north of the "extension of the north line of the Smith survey or the McNaughton line," and this for the very evident reason that it did not appear that there was any of the land in dispute north of that line. Whether there is or not will depend "upon what a jury may find the fact to be as to the location of the McNaughton line." Moreover, the opinion of the Supreme Court, on the facts as presented on the trial, that the tax title was a good and perfect title to whatever land, if any, it covered, is only significant in the event that the situation does not change on another trial. There is nothing in this, however, to estop

or prevent the defendants in that case, on another trial, from showing new or additional facts wholly destructive of that title. The opinion is advisory, but not conclusive on the question of title, and since no judgment has been entered in the case the question of whether the title is a good and perfect one still remains open and undetermined.

The contention that the defendants in the ejectment case have filed a disclaimer, and thereby have established the validity of the Tobias Painter title seems to have been an afterthought. No reference is made to it in the precipe and suggestion filed for issuing the writ of scire facias on the mortgage, and consequently nothing is said about it in the affidavit of defense. But an examination will show that this disclaimer is not of such a character as to warrant us in entering judgment against the defendants on this rule. The disclaimer is only for a part of the land in dispute. We are unable to determine from the paper itself how much, but it was stated on the argument, by the attorney who filed it for Marvin, Rulofson & Company, that it only covers about twenty acres off the north end of the tract. If that be true, and, if it be admitted that the Tobias Painter title to that extent has been thereby proven to be a good and perfect title, the plaintiff would not be entitled, on this showing, to recover the full amount of the mortgage. The difference in the quantity of land conveyed and that for which the vendor's title has been thus established would be so great that a deduction in the price or amount to be paid would undoubtedly be allowed. The dicta on this subject are so numerous as to be authoritative, and are thus summed up by Mr. Justice SHARSWOOD in Kreiter v. Bomberger, 82 Pa. 63 : " There are indeed many dicta that the difference in the quantity may be so great as to be evidence itself of fraud or deceit or of great misapprehension between the parties, and then equity will relieve. Though no case is to be found of an actual application of the doctrine in favor of the vendee, or to show what must be the extent of the difference to raise the presumption, yet perhaps it may be fairly conceded, that in an action to enforce the payment of the purchase money, a deduction under such circumstances will be allowed. Such is the weight of extra judicial opinions: Boar v. McCormick, 1 S. & R. 166 ; Glen v. Glen, 4 S. & R. 488 ; Bailey v. Snyder, 13 S. & R. 160 ; McDowell

v. Cooper, 14 S. & R. 296; Ashcom v. Smith, 2 P. & W. 219; Frederick v. Campbell, 13 S. & R. 136; Haggerty v. Fagan, 2 P. & W. 533; Coughenour's Admrs. v. Stauft, 77 Pa. 191. See Griswold v. Gebbie, 126 Pa. 353.

A careful examination of the grounds suggested for bringing and maintaining this action leads us to the conclusion that they are not well founded, and therefore, that the action has been prematurely brought. The rule for judgment for want of a sufficient affidavit of defense is accordingly discharged.

*Error assigned* was the order of the court.

*George F. Whitmer*, with him *W. N. Conrad*, for appellant.— We say that under the opinion of the Supreme Court alone, we have a prima facie case, and the burden is on the defense in this case to set up and show that Marvin, Rulofson & Company are in possession of and can show such new and additional facts as are destructive of this title, otherwise judgment should have been entered in this case for us.

If there is any discrepancy between the description in a deed and the marks on the ground, the latter must prevail: Kron v. Daugherty, 9 Pa. Superior Ct. 163; Miller v. Cramer, 190 Pa. 315.

The vendor is answerable in respect of the quantity only for mala fides: Hershey v. Keembortz, 6 Pa. 128; Smith v. Evans, 6 Binn. 102; Griswold v. Gebbie, 126 Pa. 353.

*George William Means* and *B. M. Clark*, for appellee, were not heard.

PER CURIAM, October 31, 1900:

In this case the plaintiff moved for judgment for want of a sufficient affidavit of defense, and a rule to show cause was granted. The motion for judgment was argued on December 21, 1899, and the rule to show cause was discharged. The learned court below in a clear and comprehensive opinion showed that the affidavit was sufficient to prevent judgment. In this conclusion we all concur.

Judgment affirmed.