## Baker, Appellant, *v.* Barley.

*Deed—Deficiency of acreage—Representations—Oral statements—Judgment—Opening judgment—Evidence.*

Where an owner of a farm agrees to sell it to another, and the vendor and the vendee employ the same attorney to .draw the deed, purchase money mortgage, and an agreement as to liens, and the attorney draws the papers from the title papers submitted to him, and in each of the three papers the land is described as containing in the aggregate about twenty-three acres, and there is uncontradicted evidence that the papers were read in the hearing of the parties, the vendee cannot, on a rule to open the judgment entered on the bond accompanying the mortgage, allege as a ground therefor, that the vendor prior to the execution of the deed had represented to him that the farm contained thirty acres, and that he would not have bought it if he had known it contained the acreage as it actually existed, and such representation is denied by the vendor. In such a case the rule applies that all prior negotiations and understandings must be presumed to have been merged in and superseded by the deed.

Where a contract is executed by a deed and bond, or other security taken for the unpaid purchase money, the rule is not to open a contract so far executed to allow for a deficiency of quantity, nor can there be a recovery for an excess.

Argued March 13, 1907. Appeal, No. 232, Oct. T., 1907, by plaintiff, from order of C. P. Bedford Co., Feb. T., 1901, No. 136, making absolute rule to open judgment in case of Mary Baker v. William G. Barley and Annie Barley. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule to open judgment.

*J. H. Longenecker*, with him *D. S. Brumbaugh*, for appellant.—In transactions like this all preliminary negotiations, articles, executory contracts or understandings, are merged in

and superseded by the deed and when it is executed become null and void, in the absence of clear and indubitable proof of fraud, accident or mistake in the execution of the conveyance. There is no such proof: Haggerty v. Fagan, 2 P. & W. 533; Wilson v. McNeal, 10 Watts, 422; Creigh v. Beelin, 1 W. & S. 83; Madore's App., 129 Pa. 15; Gangloff v. Smaltz, 18 Pa. Superior Ct. 460; Blood v. Crew Levick Co., 177 Pa. 606; Yaryan Co. v. Pa. Glue Co., 180 Pa. 480; Russell v. Glass Works, 6 Pa. Superior Ct. 118.

The proof is abundant that the defendant heard the quantity of acres read three times in as many different papers before signing the mortgage, bond and the agreement about liens; but if he had not, he could not plead ignorance of their contents on the ground that he could not read well, or read at all, for he was bound to know or find out what they contained: Greenfield's Est., 14 Pa. 489; Penna. R. R. Co. v. Shay, 82 Pa. 198; Hoffman v. R. R. Co., 157 Pa. 174.

The scrivener acted for both parties, as the agent of each, as he legally could do: Goodwin Gas Stove & Meter Co.'s App., 117 Pa. 514; Mitchell v. Mitchell, 212 Pa. 62.

It is nowhere directly alleged that the plaintiff fraudulently sought to deceive the defendant, nor is it pretended that there was either accident or mistake in the preparation or execution of the papers. If a fraudulent purpose were specially charged, the proof would have to be clear, precise and indubitable in order to relieve the defendant. There is no such proof: Cummins v. Hurlbutt, 92 Pa. 165; Murray v. R. R. Co., 103 Pa. 37, 43; Campbell v. Patterson, 95 Pa. 447; Hoffman v. R. R. Co., 157 Pa. 174; Spencer v. Colt, 89 Pa. 314; Goggins v. Risley, 13 Pa. Superior Ct. 316; Nulton's App., 103 Pa. 286; Ogden v. Traction Co., 202 Pa. 480.

A mere conflict of testimony is no reason for opening a judgment. It is the court's duty to consider and weigh it, as a chancellor, and pass it on: Applebee's App., 126 Pa. 385; Lenare's App., 126 Pa. 400; Blauvelt v. Kemon, 196 Pa. 128; Jenkintown Nat. Bank's App., 124 Pa. 337; Stephan v. Hudock, 4 Pa. Superior Ct. 474.

*R. C. Haderman,* for appellee, cited: Com. v. Stevens, 178 Pa. 543; Renwick Bros. v. Richardson, 5 Pa. Superior Ct. 202;

Jenkintown Nat. Bank's App., 124 Pa. 337; Schettiger. v. Hopple, 3 Grant, 54; Bartle v. Vosbury, 3 Grant, 277; Wolfe v. Arrott, 109 Pa. 473; Cover v. Manaway, 115 Pa. 338; Cridge v. Hare, 98 Pa. 561; Comegys v. Davidson, 154 Pa. 534; Mc-Grann v. R. R. Co., 111 Pa. 171.

OPINION BY RICE, P. J., October 7, 1907:

In March, 1897, William W. Barley, the defendant, purchased from the plaintiff a small farm for the consideration of $800, and in part payment of the purchase price conveyed to her his house and lot for the consideration of $350. For the balance of the purchase money he gave his bond, with warrant of attorney to confess judgment and an accompanying mortgage on the farm. In 1901 judgment was entered on the bond, and in the same year the defendant applied for and obtained a rule to show cause why the judgment should not be opened. After long delay the rule came on for disposition upon depositions, and from the order making it absolute the plaintiff took this appeal.

In his petition to open the judgment the defendant did not claim that he did not obtain all of the land that the deed to him calls for, nor that there was a preliminary contract for a sale by the acre. What he claims is that in the oral negotiations prior to the drawing, execution and delivery of the deeds and mortgage the plaintiff and the plaintiff's husband stated to him that the farm contained thirty acres less one perch; that in fact it contains but twenty-two or twenty-three acres; that he was not on the farm and did not know its contents prior to the execution and delivery of the deeds and mortgage, and that he would not have bought it if he had known "it did not contain more land than it does." The plaintiff and her husband testified positively that no such statement was made. We infer, although the opinion filed does not make it entirely clear, that it was upon the ground of this dispute that the learned judge below deemed the case a proper one for submission to the jury. If this be the proper inference we think the learned judge was in error as to the materiality of the statement, assuming it to have been made. The uncontradicted evidence shows that the attorney who drew the papers was selected by both parties; he was as much the attorney of one as

of the other.   He testified that he drew the deeds and mortgage from the title papers that they brought to him, and, while the plaintiff's husband testified that he did not recollect this fact, neither he nor the plaintiff denied it.   At any rate there is not a word of testimony going to show that the attorney did not draw them in accordance with the directions of the parties, or that any representation as to the quantity of the land, differing from the description contained in the deed and mortgage, was made to him or in his presence, at the time the directions were given or at the time the deed and mortgage were executed, or that anything was said by either party as to the prior statement alleged to have been made by the plaintiff and her husband.   The deed describes the land in three parcels : the first by courses, distances and adjoiners, and as containing fifteen acres and sixty-seven perches ; the second by courses, distances and adjoiners, and as containing three acres and two perches— " the said tracts together containing eighteen acres and sixty-nine perches net measure,"—and the third as being a timber tract containing five acres, more or less.   The mortgage describes the land in substantially the same manner, and a third paper, relating to liens, which was executed by the parties at the same time or a few days afterwards, refers to the land conveyed by the deed as " containing about twenty-three acres."   There being no evidence that the contents of the papers were misrepresented, or that anything was said or done at the time of execution to induce the defendant to forego requesting to have them read in his hearing, it would be no answer to this solemn evidence of what the plaintiff intended to sell and the defendant intended to buy, to say that he could not read and that the papers were not read in his hearing : Greenfield's Estate, 14 Pa. 489.   But the conclusiveness of the deed and mortgage as evidence of what was intended to be conveyed does not depend upon the application of the rule which was enunciated by Chief Justice Gibson in that case, and has been cited and followed in many subsequent cases.   The fair interpretation of the testimony of the scrivener is that the papers were read in the hearing of the parties before execution, and neither the defendant nor any other witness testified to the contrary.   As to the papers relating to the liens, in which the land conveyed is referred to as containing about twenty-three

acres, the testimony is very clear and positive.  Four witnesses —one of them called by the defendant himself—testified that it was read in the hearing of the parties before execution, and the defendant did not testify that it was not.  All that he was able or willing to testify to on that subject was, " I don't remember anything that was said about the number of acres in the property at the time the agreement was signed."  This is not a denial of the fact testified to by the other witnesses, nor is it tantamount to an assertion that the paper was not read in such manner that he would have noticed what was said as to the quantity of land if he had given attention to the reading. Having regard to the facts to which we have alluded, upon what theory could a verdict allowing the defendant an abatement of the purchase price be sustained?  Surely not upon the ground of fraud or mutual mistake.  This, it seems to us, needs no argument or citation of authority.  And it seems equally clear that such verdict could not be sustained upon the ground that notwithstanding the execution and delivery of the deed and mortgage, the plaintiff is bound by a prior contract to convey thirty acres or to make good the deficiency by an abatement of the price.  In the first place the defendant's testimony, even if believed, does not show that there was such a contract even in parol ; the most that it shows is a representation that the land which the parties had in mind contained thirty acres.  In the second place, the contract, if contract there was, was not to sell the land at so much an acre, but to convey the farm for a certain price, and this contract was consummated by the execution and delivery of the deeds and the mortgage on March 4, 1897.  The plaintiff conveyed the land that she agreed to convey, and there is no material discrepancy between the actual quantity of land and the quantity stated in the deed.  This being so, and there not being sufficient evidence to sustain a finding of fraud or mutual mistake, all prior negotiations and understandings must be presumed to have been merged in and superseded by the deed : Wilson v. McNeal, 10 Watts, 422 ; Madore's Appeal, 129 Pa. 15.  The question of the right of a vendee to be allowed to recover for an alleged deficiency in quantity of land purchased by him as described in his deed or articles of agreement, has arisen in many cases.  In Farmers' & Mechanics' Bank v.

Galbraith, 10 Pa. 490, Chief Justice GIBSON stated the rule as follows : " The execution of a conveyance is the consummation of a purchase, after which the parties have no recourse to each other except for imposition or fraud.   Such is the rule established by Bailey v. Snyder, 13 S. & R. 160, and several other cases, in which it was ruled that when a conveyance has been made, without a survey, and a bond taken for the purchase money, the contract is definitely closed, except where the actual quantity differs so grossly from the estimate as to be evidence of deceit."   In Coughenour's Administrators v. Stauft, 77 Pa. 191, Chief Justice AGNEW said upon the same subject: " Where the contract is executed by a deed and bond, or other security taken for the unpaid purchase money, the rule is not to open a contract so far executed to allow for a deficiency of quantity, nor can there be a recovery for an excess."   He cited numerous cases in support of this proposition.   See also Kreiter v. Bomberger, 82 Pa. 59, where the subject is fully discussed and the cases are classified by Mr. Justice SHARSWOOD ; also Landreth v. Howell, 24 Pa. Superior Ct. 210, and the cases there cited.   The facts of this case do not bring it within any of the exceptions to the general rules above stated.

The order is reversed and the rule to show cause is discharged, the costs to be paid by William W. Barley, the appellee.