648 A.2d 366

LAKE HOMES, INC., Appellant,

v.

Phyllis E. HESSER, Individually and as President of Pine Grove Borough Council, Borough of Pine Grove, John Malinoski, and Laura Nahas

v.

SCHUYLKILL ASSOCIATES.

Commonwealth Court of Pennsylvania.

Argued April 11, 1994.

Decided Sept. 15, 1994.

Lanny G. Felty, for appellant.

John E. Domalakes, for appellees.

Before SMITH, KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Lake Homes, Inc. (Lake) appeals from an order of the Court of Common Pleas of Schuylkill County (trial court) which granted the motion for summary judgment filed by John Malinoski and Laura Nahas as defendants in a land sale contract dispute.

The facts of this case may be summarized as follows. On July 3, 1991, appellees Malinoski and Nahas, entered into an agreement of sale with Lake whereby appellees agreed to purchase undeveloped property situated in the Legion Acres development, Borough of Pine Grove, Schuylkill County. The parties agreed to a purchase price of $18,000. The agreement was prepared by Lake and/or its agent and presented to appellees for their signatures. At the time of the execution of the agreement, Malinoski and Nahas deposited earnest money in the amount of $1,000 with Schuylkill Associates (Schuylkill), the real estate agent for Lake. Seventeen thousand dollars was due at the time of settlement.

After signing the agreement of sale and depositing the earnest money, Malinoski and Nahas approached the Borough of Pine Grove (borough) about obtaining a permit for an individual sewage system for the property. By letter dated

September 3, 1991, Schuylkill was notified by the borough's solicitor that "a sewage permit is not available for the lot in question", and that "the Borough will not permit the lot in question for sewage purposes." (Reproduced Record (R.) at 47.) The letter made reference to an ongoing dispute between Lake and the borough regarding the potential installation of a street, in addition to the method of allowing the property lots to be linked with existing borough sewage service.

Malinoski and Nahar requested a refund of their $1,000 earnest money from Schuylkill on the basis that local sewage service was unavailable for the subject property. Schuylkill notified Malinoski and Nahar that Lake refused to return the earnest money.

Consequently, Lake initiated an action against Malinoski, Nahas, the borough, and Phyllis E. Hesser, as President of Pine Grove Borough Council (collectively, the appellees). Schuylkill was joined as an additional defendant. Malinoski and Nahas answered the complaint and filed a counterclaim against Lake demanding the return of the earnest money.

After discovery, which included the deposition of the professional engineer for the borough, Michael A. Schober, Malinoski and Nahas filed a motion for summary judgment with the trial court wherein they argued that they are entitled to judgment as a matter of law because the agreement did not contain a provision alerting them to the lack of an existing community sewage system for the subject property.

Section 7.1 of the Pennsylvania Sewage Facilities Act (Act) [1], provides in relevant part as follows:

**Land sale contracts**

(a) Every contract for the sale of a lot as defined in section 2 [35 P.S. § 750.2] for which there is no currently existing community sewage system available shall contain a statement in the contract clearly indicating to the buyer that there is no community sewage system available and that a permit for an individual sewage system will have to be obtained pursuant to section 7 [35 P.S. § 750.7]. The

1. Act of January 24, 1966, P.L. (1965) 1535, 35 P.S. § 750.7a.

contract shall also clearly state that the buyer should contact the local agency charged with administering this act before signing the contract to determine the procedure and requirements for obtaining a permit for an individual sewage system if one has not already been obtained. ...

(b) Any contract for the sale of a lot which does not conform to the requirements of subsection (a) shall not be enforceable by the seller against the buyer. Any term of such contract purporting to waive the rights of the buyer to the disclosures required in subsection (a) shall be void.

The trial court granted the motion on the basis that there is no currently existing community sewage system available and the agreement of sale did not contain the above provision alerting the purchasers to the unavailability of a community sewage system. Lake appeals from the trial court's March 10, 1993 order granting the motion for summary judgment.

■ Initially, we note that our scope of review over a trial court's grant of summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr*, 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993).

■ Summary judgment should only be granted in a clear case and the moving party bears the burden of demonstrating that no material issue of fact remains. *Id.* The record must be reviewed in the light most favorable to the non-moving party. *Id.*

In its opinion, the trial court noted that neither party disputed the fact that the agreement of sale does not contain the statement required by section 7.1. Necessary to its conclusion that the agreement of sale is unenforceable, the trial court found that while a community sewage system does serve the area surrounding the School Street property, there is no line currently available on School Street to which the buyers could connect.

On appeal, Lake argues that (1) the trial court erred in determining that no community sewage system was available

because there is insufficient evidence of record to support such a finding; (2) the question of whether or not there was a community sewage system available to the subject property remained a disputed fact before the trial court; (3) the fact that there is no sewer main line on the street fronting the subject property is, by itself, insufficient evidence to establish that there is no community sewage system *available* for the same lot, when such a connection between the lot and the community system is feasible.

Appellees counter that there are sufficient, undisputed facts of record to support the trial court's findings and its entry of summary judgment. Principally, the appellees assert that it is conclusive that there is no community sewage system currently available when the facts demonstrate that the lot is currently unserviced by a community sewer line ready and able to be connected to the property. We agree.

■ Our review of the record reveals that sufficient evidence exists to support the trial court's determination that no material issue of fact remains. The September 3, 1991 letter from the borough's solicitor clearly sets forth the borough's position that it will not permit the subject lot for sewage until resolution of a dispute between Lake and the borough. Therefore, a community sewage system cannot be considered currently available.

Further, despite testifying to the feasibility of linking the subject lot to sewer lines already in place over 150 feet away, Mr. Schober testified that based on his inspection of the lot and review of a sketch of the development, the lot is currently not serviced by any sewer system. (R. at 386.) Moreover, Schober prepared a report for the borough, dated August 22, 1991, wherein he concluded that the lots fronting School Street had no sewer.[2] In order to sewer the proposed homes on School Street and elsewhere in the development, Schober made specific proposals for constructing additional lines, al-

2. The subject lot of this appeal is among the undeveloped Lake-owned lots fronting School Street.

though each alternative required the acquisition of rights-of-way and easements for the proposed sewer lines. (R. at 393.)

Finally, at the time summary judgment was granted, no proposal for the extension of the community sewage system had been officially submitted to the borough or the state Department of Environmental Resources for approval as required by section 7.1 of the Act. Therefore, under these circumstances, Lake cannot insist that the system is currently available for linkage and/or service to the subject lot.

Despite Lake's assertion that the sewage connection was feasible, it was feasible only in the sense that *any* construction project is possible provided the indispensable combination of financial resources, time, and governmental approval is in place.

We hold, therefore, that the mere possibility of connection to the existing community sewage system, at some future date, is not the condition contemplated by the word "available" in section 7.1 of the Act. Relative feasibility is not an equivalent concept to current availability for the purposes of the statute. The community sewage system must be presently available for immediate linkage to a newly constructed property, allowing for reasonable modifications. Otherwise, under section 7.1, every contract for the sale of a lot where such sewerage is not available must contain a clear statement of this deficiency.

Therefore, the agreement of sale in the present matter is unenforceable under the provisions of section 7.1, since it is undisputed that the required statement was not included in the contract.

Accordingly, the order of the trial court is affirmed.

## ORDER

NOW, this 15th day of September, 1994, the order of the Court of Common Pleas of Schuylkill County, dated March 10, 1993, at No. S–1976–1991, is hereby affirmed.