764 A.2d 39

Krzysztof KIEC and Krystyna Kiec, his wife, Appellees,

v.

Nina E. SHERRERD, Executrix of the Estate of Joseph H. Kriss, Deceased, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 4, 2000.

Decided Jan. 16, 2001.

Reargument Denied March 20, 2001.

William G. Schwab, Lehighton, Jonathan S. Liss, Deena Jo Schneider, Philadelphia, for Nina E. Sherrerd.

Charles A. Banta, Easton, Leon H. Kline, Philadelphia, Martin H. Philip, Palmerton, for Krysztof & Krystyna Kiec.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This case calls for interpretation of the Pennsylvania Sewage Facilities Act, 35 P.S. § 750.1 *et seq.*, as well as application of the doctrine of merger in the law of real property.

Appellant's decedent ("appellant") entered into a five-year installment contract to sell a one-acre parcel of land to appellees. The property was not serviced by a community sewage system, and the contract contained a restrictive covenant prohibiting any individual sewage disposal system on the property "unless such system is designated, located and constructed in accordance with the requirements, standards and recommendations of the State or local public health authorities." After appellees had paid the full purchase price, appellant conveyed the property to appellees, and the deed was recorded. A year later, appellees sought a septic system permit which the municipality denied due to unsatisfactory percolation tests.

Appellees brought an action in equity to rescind the deed and recover the purchase price. Appellees alleged fraud in the inducement and violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1, *et seq.* At trial, Mr. Kiec, appellee, admitted knowing before his purchase that there was no community sewage system serving the property and that the lot would need an on-site septic system. The chancellor concluded that appellees had failed to prove fraud because they could not show that appellant had made any material misrepresentations or concealed any material fact to induce appellees to purchase the property.[1] He rejected appellees' alternative argument that noncompliance with the Sewage Facilities Act constituted intentional fraud.

The Sewage Facilities Act, 35 P.S. § 750.7a, states:

**§ 750.7a.  Land sale contracts**

(a) Every contract for the sale of a lot as defined in [35 P.S. § 750.2] for which there is no currently existing com-

---

1. This was due primarily to the operation of the Dead Man's Statute, 42 Pa.C.S. § 5930.

munity sewage system available shall contain a statement in the contract clearly indicating to the buyer that there is no community sewage system available and that a permit for an individual sewage system will have to be obtained pursuant to [35 P.S. § 750.7]. The contract shall also clearly state that the buyer should contact the local agency charged with administering this act before signing the contract to determine the procedure and requirements for obtaining a permit for an individual sewage system if one has not already been obtained. . . .

(b) Any contract for the sale of a lot which does not conform to the requirements of subsection (a) shall not be enforceable by the seller against the buyer. Any term of such contract purporting to waive the right of the buyer to the disclosures required in subsection (a) shall be void.

The chancellor held that the restrictive covenant in the land sale contract, though it did not fully comply with the terms of § 750.7a.(a), sufficed to put appellees on notice that "the lot they were buying would require an individual sewage system, that the system had to comply with state and local laws, and the language alerted them to contact state and local health authorities." It was therefore sufficient to defeat a common law action for fraudulent inducement. Accordingly, he denied appellees' prayer for rescission of the deed and money damages.

Following denial of the post-trial motions, appellees appealed to Superior Court. The court reversed the judgment of the chancellor based on its interpretation of the Sewage Facilities Act, cancelled the deed, and remanded the case for the chancellor to award appropriate monetary damages to appellees. Superior Court disagreed with the chancellor that the restrictive covenant adequately informed appellees of all the terms specified in the statute, opining that it fell far short of what is required.

■ We granted allocatur to review Superior Court's interpretation of the statute. Its construction ignores a most fundamental canon of construction: "When the words of a

statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The statute clearly and unambiguously prohibits a noncompliant seller from enforcing an executory land sale contract against a buyer; it does *not* express application after a contract of sale has been consummated and a deed has been executed, delivered, and recorded.

■ Superior Court's reliance on *Lake Homes, Inc. v. Hesser,* 167 Pa.Cmwlth. 440, 648 A.2d 366 (1994), is misplaced. *Lake Homes* dealt with an executory contract and refused to enforce it, as the statute contemplates; it did not involve a contract already performed. Moreover, Superior Court's statutory interpretation would undermine, if not destroy, the venerable doctrine of merger of title in real property law.

> In *Shontz v. Brown,* 27 Pa. 123, 131 [(1856)], the doctrine is stated as follows: "The presumption of law is that the acceptance of a deed in pursuance of articles is a satisfaction of all previous covenants; the law supposes that the grantee agreed to take the title at his risk: *Seitzinger v. Weaver,* 1 Rawle 377 [(Pa.1829)]. Though in special circumstances, such as were presented in *Selden v. Williams,* 9 Watts 9, 12 [(Pa.1839)], a deed may be considered, not as a merger, but only as part performance, yet the general rule is that a purchase is consummated by the conveyance; after which the parties have no recourse to each other except for imposition or fraud, or upon the covenants in the deed: *Bailey v. Snyder,* 13 Serg. & Rawle 160 [(Pa.1825)]; *Farmers' [and Mechanics'] Bank v. Galbraith,* 10 Pa. 490 [(1849)]."

*Dobkin v. Landsberg,* 273 Pa. 174, 184, 116 A. 814 (1922). *Accord Zentmyer v. Mittower,* 5 Pa. 403 (1847); *Crotzer v. Russell,* 9 Serg. & Rawle 78 (Pa.1822). In 1849, this court said: "All our decisions have gone upon this principle; and it would be too late now, were we so disposed, to question it." *Farmers' and Mechanics' Bank v. Galbraith,* 10 Pa. at 491. Our inclination to question the doctrine of merger is no greater now than it was then.

Thus it is unexceptional that the statute would clearly and unambiguously render an executory contract unenforceable without providing for cancellation of a deed after the contract has been consummated. We will therefore reverse the order of Superior Court.

Order reversed.